**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| Deandrea Jenkins, *individually and on behalf of a class of similarly situated individuals,*<br><br>Plaintiff,<br><br>vs.<br><br>Christiana Care Health System, Inc., and Christiana Care Health Services, Inc.,<br><br>Defendants. | **COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>No. |

Plaintiff Deandrea Jenkins, individually on behalf of herself and all others similarly situated, by and through counsel, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

**INTRODUCTION**

1. This action seeks to recover unpaid compensation and overtime compensation, as well as liquidated damages, penalties, interest, reasonable attorneys' fees, costs, declaratory and injunctive relief, and any other appropriate relief, under the Fair Labor Standards Act ("FLSA"), on behalf of Plaintiff and similarly situated current and former employees of Defendants and who elect to opt into this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective," as hereinafter more fully defined).

2. This action also seeks to recover unpaid compensation, as well as liquidated damages, interest, costs, and any other appropriate relief, under the Delaware Wage Payment and Collection Act ("DWPCA"), Del. Code Ann. tit. 19, §§ 1101–1113, on behalf of Plaintiff and similarly situated current and former employees employed by Defendants (the "State Law Class," as hereinafter more fully defined).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiff's Delaware DWPCA claims because those claims arise out of the same nucleus of facts and are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendants have their principal places of business and reside in this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

6. Plaintiff Deandrea Jenkins is an individual and a resident of Smyrna, Delaware. Plaintiff Jenkins has completed an "Opt-In Consent Form" which is filed as Exhibit A to this Complaint and is incorporated by reference herein.

7. Defendant Christiana Care Health System, Inc. is a not-for-profit corporation with its headquarters at 4000 Nexus Drive, Wilmington, Delaware 19803.[1]

8. Defendant Christiana Care Health Services, Inc. is a not-for-profit corporation with its corporate headquarters located at 4000 Nexus Drive, Wilmington, Delaware 19803, and its principal hospital campus operating at 4755 Ogletown-Stanton Road, Newark, Delaware 19718. Defendant Christiana Care Health System, Inc., is the corporate parent of and owns and operates through Defendant Christiana Care Health Services, Inc.

9. At all times relevant herein, Defendants have been an enterprise jointly within the meaning of Section 3(r) of the FLSA (29 U.S.C. § 203(r)) and Delaware law.

---

[1] *See, e.g.,* https://christianacare.org/us/en/people/richard-g-cuming; https://research.christianacare.org/privacy/; https://research.christianacare.org/resources/essential-information/ (last accessed June 30, 2026).

10. At all times relevant herein, Defendants have been an enterprise jointly engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA and Delaware law because they have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person. Further, Defendants have had (and have) a gross volume of sales, made or done business in an amount of at least $500,000.

11. At all times relevant herein, Plaintiff and all similarly situated employees were engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207 and Delaware law.

12. With respect to the allegations and claims asserted herein, Defendants operate in concert and together in a common enterprise and through related activities, so that the actions of one may be imputed to the other, and/or they operate as joint employers within the meaning of the FLSA and Delaware law, and/or were otherwise legally responsible in some way for the matters alleged herein and proximately caused Plaintiff and similarly-situated employees to be subject to the unlawful wage theft and pay practices described in this Complaint.

13. Defendants jointly suffered, permitted or directed the work of Plaintiff and similarly situated employees, and Defendants jointly benefited from work performed by Plaintiff and similarly situated employees.

## FACTUAL ALLEGATIONS

### Defendants' Business and Defendants' Status as an Employer

14. Defendants own and operate, and hold themselves out, as "one of the country's most dynamic health care organizations, centered on improving health outcomes, and innovating

to make high-quality care more accessible and affordable."[2] Specifically, and doing business as "ChristianaCare," their system "includes an extensive network of primary care and outpatient services, home health care, urgent care centers, three hospitals (1,430 beds), a freestanding emergency department, a Level I trauma center and a Level III neonatal intensive care unit, a comprehensive stroke center and regional centers of excellence in heart and vascular care, cancer care and women's health. It also includes the pioneering Gene Editing Institute."[3]

15. At all times relevant, Defendants were an "employer" of Plaintiff and other members of the FLSA Collective within the meaning of the FLSA. Defendants were also "employer[s]" who "suffered or permitted" Plaintiff and other members of the State Law Class to work as "employee[s]" within the meaning of Del. Code Ann. tit. 19, § 1101.

16. Defendants utilize non-exempt employees, including Plaintiff and other members of the FLSA Collective and State Law Class, in furtherance of their business purpose.

17. Defendants were employers of Plaintiff and other members of the FLSA Collective and State Law Class as Defendants exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or were required to maintain records, including employment records.

**Plaintiff's, the FLSA Collective's, and State Law Class's Non-Exempt Employment Statuses with Defendants**

18. Plaintiff Jenkins was employed by Defendants from approximately 2014 to 2025 as an hourly, nonexempt employee, and routinely worked at least forty (40) hours during workweeks within the relevant time period.

---

[2] https://christianacare.org/us/en/about-us/who-we-are (last accessed June 30, 2026).
[3] *Id.*

19. During her employment for Defendants, Plaintiff Jenkins worked as a Medical Assistant across multiple facilities. Most recently, she worked at the Swank Center for Memory Care in Wilmington, Delaware from approximately 2021 to 2025, and previously worked at Defendants' locations in New Castle, Delaware, and Middletown, Delaware.

20. Defendants classified and paid Plaintiff, as well as other members of the FLSA Collective and State Law Class, as nonexempt employees.

**Defendants' Failure to Pay for All Hours Worked as a Result of Defendants' Time Rounding Policy**

21. As nonexempt employees, Plaintiff and other members of the FLSA Collective and State Law Class were (and are) required to clock in and out at the beginning and end of their shifts at Defendants' locations to record their hours worked.

22. Accordingly, at the beginning of their workdays, Plaintiff and the members of the FLSA Collective and State Law Class clocked in as required and performed the principal activities of their jobs, but Defendants generally did not pay them for all of their time worked. Similarly, Plaintiff and the members of the FLSA Collective and State Law Class stopped working and clocked out at the end of their workdays, but Defendants generally did not pay them for all of their time worked. Instead, Defendants paid them based on post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include all compensable work required by, performed for, and to the benefit of Defendants. Defendants willfully manipulated both the beginning and end of shift time records of Plaintiff and the members of the FLSA Collective and State Law Class to reflect less time worked when Defendants submitted these employees' records to payroll, resulting in less time paid than time worked.

23. Defendants implemented a timekeeping policy in which employees are suffered, permitted, and expected to clock in and start working up to seven (7) minutes before their

scheduled shift, with this time automatically rounded in favor of Defendants. Employees are instructed not to clock in more than seven (7) minutes early because the time would then be rounded in the employee's favor, triggering additional compensation. Similarly, employees are instructed not to clock out more than seven (7) minutes late, as doing so would likewise cause the time to be rounded in the employees' favor, triggering additional straight time compensation in non-overtime weeks, or additional overtime compensation in weeks where the rounded time constituted overtime hours.

24. Upon hiring or otherwise during their employments, Plaintiff and the members of the FLSA Collective and State Law Class were (and are) told that they will be penalized if they clock in late or clock out early, whether or not they clocked in early or worked late. Specifically, Plaintiff was told by her supervisor that it was Defendants' policy that clocking in even one minute late would "count as an occurrence" to her detriment. As a result, Plaintiff and other members of the FLSA Collective and State Law Class have not been able to benefit from Defendants' rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff and other members of the FLSA Collective and State Law Class for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b), and Del. Code Ann. tit. 19, § 1102.

25. Plaintiff and other members of the FLSA Collective and State Law Class routinely clocked in up to seven (7) minutes prior to their shift starting times (for example, with respect to Plaintiff Jenkins, up to seven (7) minutes prior to an 8:30 a.m. shift time) and immediately start working, but Defendants' timekeeping system would round the time and record the start time as a post-rounded time (for example, 8:30 a.m.). The demanding, chaotic, and fast-paced nature of hospital work dictates that employees must begin performing their duties immediately upon

clocking in. Accordingly, upon clocking in, Plaintiff and similarly situated employees would immediately start working, performing the principal activities of their jobs. For Plaintiff, this included stocking patient rooms with supplies, checking in patients, answering phones, doing vital signs for patients, placing patients in exam rooms, and faxing or emailing documents. Defendants never instructed Plaintiff or similarly situated employees to refrain from working during this seven-minute pre-shift period, nor did Defendants enforce any policy prohibiting work during this time.

26. Similarly, Plaintiff and other members of the FLSA Collective and State Law Class regularly worked after the end of their shift times but were (and are) only paid up until their technical scheduled shift ending times as rounded by the timekeeping system. For example, employees frequently stopped working and clocked out several minutes after their scheduled shift end time to finish their principal job duties, including patient care and related duties, but Defendants' rounding policy automatically rounded their clock-out time back down to the scheduled end of their shift. As a result, these employees are not paid for all time worked up and until they actually stopped working, as Defendants instead paid them based on post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include post-shift compensable work required by, performed for, and to the benefit of Defendants as tracked in Defendants' timekeeping system.

27. Although Defendants suffered and permitted Plaintiff and the members of the FLSA Collective and State Law Class to work more than forty (40) hours per workweek, Defendants failed to pay Plaintiff and the members of the FLSA Collective overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek, as required by 29 C.F.R. §§ 785.11 and 785.13. Furthermore, Defendants failed to make, and thus

unlawfully withheld from, Plaintiff and the members of the State Law Class payment for all straight-time hours worked, as required by Del. Code Ann. tit. 19, §§ 1102 and 1107.

28. Though Plaintiff and the members of the FLSA Collective and State Law Class regularly completed tasks that are required by Defendants, are performed for Defendants' benefit, and constitute part of their principal activities and/or are integral and indispensable to their principal activities before their technical shift starting times (and after their technical shift ending times), these workers are not paid for the time spent performing these tasks because Defendants unilaterally deducted this time worked and therefore withheld from them, and Defendants accepted the benefits of this work without compensating them for this work, regardless of the fact that compensable work was completed. *See* 29 C.F.R. §§ 785.11, 785.13, Del. Code Ann. tit. 19, §§ 1102, 1107. As a result, Plaintiff and the members of the FLSA Collective and State Law Class were not properly paid for many of their overtime and/or straight time hours worked as required by the FLSA and DWPCA.

29. Although there was no administrative difficulty in compensating them for such work, both as to beginning and end of shifts, Defendants did not count the time it takes Plaintiff, the FLSA Collective, and State Law Class to complete the job duties described above as hours worked for purposes of computing overtime and/or non-overtime hours worked.

30. Moreover, Defendants knew or had reason to know that Plaintiff and other members of the FLSA Collective and the State Law Class routinely performed work upon clocking in and prior to clocking out, but nevertheless failed to pay for this time worked at the time of payment. Because Defendants failed to actively enforce any prohibition against work during these rounded periods, it is liable for compensating Plaintiff and other members of the FLSA Collective and the State Law Class for this time.

31. Defendants' time rounding and/or editing policy, and time manipulation practices in conformity with this policy, are not neutral, facially or otherwise. Defendants rounded, edited, and/or otherwise manipulated Plaintiff's, the FLSA Collective's, and State Law Class's work starting and ending times despite utilizing a timekeeping system that tracks exactly when they "punched" or clocked in/out and started/ended working each day. During overtime weeks, and despite knowing of their performance of work during workweeks when Plaintiff and the FLSA Collective worked more than forty (40) hours, Defendants did not pay them for such overtime which was required to be paid at "one and one-half times" their "regular rate[s]" of pay. *See* 29 U.S.C. § 207. Likewise, during non-overtime weeks, and despite knowing of their performance of such work, Defendants did not pay Plaintiff and the State Law Class for such hours on a straight time basis.

32. Defendants' rounding/editing and time manipulation policies have violated and continue to violate Department of Labor regulations which require both that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b).

33. As a result, Plaintiff and other members of the FLSA Collective and State Law Class have not been able to benefit from Defendants' rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff and other members of the FLSA Collective and State Law Class for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b) and the DWPCA.

34. Defendants' on-the-clock but unpaid time deprivation policies/practices are the result of systematic and company-wide policies/practices originating at the corporate level.

Defendants' policies resulted from knowing or reckless executive decisions. Pursuant to the FLSA, 29 C.F.R. § 785.13, Defendants "cannot sit back and accept the benefits [of additional work completed by Named Plaintiff, the FLSA Collective, and State Law Class] without compensating for them." "Management has the power to …. [and] must make every effort to" ensure all work completed at the beginning and end of shifts was paid in accordance with the FLSA and state law. *See id.*

35. The additional pre- and post-shift work was compensable as overtime or straight time hours worked because the work was required by Defendants and the work was performed for Defendants' benefit and constituted part of employees' principal activities, and/or was a necessary, integral, and indispensable part of their principal activities. Despite this, it was not fully paid on a straight time regular rate basis, nor was overtime for it paid at the rate of one and one-half times the regular rate for the hours worked in excess of forty (40), as required by the FLSA and DWPCA.

**Defendants' Record Keeping Violations**

36. The FLSA and Delaware law required Defendants to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; Del. Code Ann. tit. 19, § 1108(6).

37. Specifically, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

38. Similarly, the Delaware law requires employers, such as Defendants, to keep a record of all hours worked by employees. Del. Code Ann. tit. 19, § 1108(6).

39. Defendants kept records of hours worked by Plaintiff and members of the FLSA Collective and State Law Class. However, at the time that the hours worked by Plaintiff and members of the FLSA Collective and State Law Class were transmitted to payroll for compensation purposes, Defendants willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include pre- and post-shift compensable work required by, performed for, and to the benefit of Defendants which had the direct effect of reducing Defendants' labor costs to the detriment of Plaintiff and members of the FLSA Collective and State Law Class. Thus, Defendants willfully and intentionally did not, and did not have reasonable grounds for dispute as to why they did not, properly record and pay all hours worked in violation of the FLSA's and DWPCA's record keeping requirements.

**The Willfulness and Lack of Reasonable Grounds for Dispute as to Defendants' Violations**

40. By denying Plaintiff and members of the FLSA Collective and State Law Class overtime compensation and/or the other pay to which they were entitled, as has been discussed above, Defendants' acts were neither based upon good faith nor did Defendants have reasonable grounds for dispute for not paying the wages.

41. Defendants are large and highly sophisticated employers, with in-house legal counsel. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendants therefore knew about the overtime

compensation requirements of federal law or acted in reckless disregard as to Defendants' obligations under these laws.

42. Accordingly, Defendants' failure to compensate Plaintiff and other members of the FLSA Collective and State Law Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay constitutes a willful violation of the FLSA, 29 U.S.C. § 207. Plaintiff and members of the FLSA Collective are therefore entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. § 260.

43. In addition, because Defendants failed to pay wages without reasonable grounds for dispute, Defendants are liable for liquidated damages equal to the lesser of: (a) ten percent of the unpaid wages for each day the failure continued after payment is required, or (b) an amount equal to the total unpaid wages. Del. Code Ann. tit. 19, § 1103.

## FLSA COLLECTIVE OVERTIME ALLEGATIONS
## (As to COUNT ONE)

44. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 43, as if fully rewritten herein.

45. Plaintiff brings this case on behalf of a group of employees of Defendants (the "FLSA Collective") who assert claims under the overtime provisions of the FLSA in this case by filing consents to join this action from this group of individuals:

> All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendants during the period of three years preceding the commencement of this action to the date of judgement in this action who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay for all hours worked in excess of forty (40) hours per workweek by virtue of having their time edited and/or rounded.[4]

[4] Plaintiff reserves the right to amend and refine the definition of the FLSA Collective members she seeks to have the Court serve notice based upon further investigation and discovery.

46. Such persons are "similarly situated" with respect to Defendants' FLSA violations, in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, all were subjected to Defendants' unlawful rounding/editing and time manipulation policies, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

47. Plaintiff and other members of the FLSA Collective are similarly situated because, among other reasons, they are owed overtime from working hours for Defendants and for Defendants' benefit for which they were not paid overtime compensation as a result of Defendants' time rounding and/or editing policies, and time manipulation practices in conformity with these policies, that lead to less time paid than time worked. Plaintiff will prosecute this action vigorously on their behalf.

48. Plaintiff and other members of the FLSA Collective have been damaged by Defendants' willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendants' willful FLSA violations, Plaintiff and other members of the FLSA Collective are similarly situated in that each is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

49. Plaintiff is entitled to send notice to all potential FLSA Collective members pursuant to Section 216(b) of the FLSA. Upon information and belief, the precise size and identity of the group of potential FLSA Collective members are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendants that Defendants were required to maintain, pursuant to the FLSA. Plaintiff cannot yet state the exact

number of similarly-situated persons but avers, upon information and belief, that the group of potential FLSA Collective members consist of one thousand or more persons.

## STATE LAW ALLEGATIONS
## (As to COUNT TWO)

50. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 49, as if fully rewritten herein.

51. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and a group of employees of Defendants who assert violation of DWPCA claims (referred to herein as the "State Law Class"), defined as:

> All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendants during the period of two years preceding the commencement of this action to the date of judgement in this action who were not paid for all hours worked by virtue of having their time rounded and/or edited.

52. There are questions of law or fact common to the State Law Class, including but not limited to:

(a) Whether Defendants denied, or withheld, Plaintiff and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid wages for their hours worked;

(b) Whether Defendants' denial and/or withholding of Plaintiff's and other members of the State Law Class's earned and owed compensation violated the DWPCA;

(c) Whether Defendants had reasonable grounds for dispute for not paying Plaintiff and the State Law Class the wages earned and owed;

(d) What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendants failure to pay compensation owed for all hours worked when the wages were required to be paid.

53. Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other State Law Class members.

54. The State Law Class, outlined above, is so numerous that joinder of all State Law Class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of approximately one thousand or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendants have maintained, and were required to maintain, pursuant to the FLSA and DWPCA, as set forth above.

55. Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

56. The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the State Law Class, listed above, are common to the State Law Class as a whole, and predominate over any questions affecting only individual class members.

57. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**

***On Behalf of Plaintiff and the FLSA Collective***

58. Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 57, as if fully rewritten herein.

59. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

60. Defendants have engaged in a pattern and practice of violating the FLSA, as described in this Complaint.

61. Plaintiff has consented in writing to be party to this action, pursuant to 29 U.S.C. § 216(b).

62. The overtime wage provisions set forth in 29 U.S.C. § 201, *et seq.*, apply to Defendant.

63. At all relevant times and continuing to the present, Defendants have had a policy and practice of refusing to pay full and required premium overtime compensation to Plaintiff and members of the FLSA Collective for hours worked in excess of forty (40) hours per workweek.

64. As a result of Defendants' willful failure to compensate their employees, including Plaintiff and the FLSA Collective members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

65. As a result of Defendants' willful failure to record, report, credit, and compensate their employees, including Plaintiff and the FLSA Collective members, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine

the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

66. As a result of Defendants' policy and practice of rounding and editing time records in order to pay payroll at a rate less than what is owed to their employees, Defendants knew or recklessly disregarded the fact that Plaintiff and the FLSA Collective members were entitled to proper overtime pay and acted with and/or showed reckless disregard that their conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

67. As a result of Defendants' FLSA violations, Plaintiff, on behalf of herself and the FLSA Collective members, is entitled to (a) recover from Defendants unpaid wages for all of the overtime hours worked, as premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA; and, (c) recover unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

68. Defendants' violations of the FLSA have been willful within the meaning of that statute, and thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## COUNT TWO
**(Failure to Pay All Wages Earned Under the DWPCA)**
***On Behalf of Plaintiff and the State Law Class***

69. Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 68, as if fully rewritten herein.

70. Plaintiff brings her DWPCA claims as a class action on behalf of herself and the State Law Class pursuant to Fed. R. Civ. P. 23.

71. Defendants' conduct alleged above violates the DWPCA, Del. Code Ann. tit. 19, §§ 1101–1113 in two manners. First, the DWPCA requires employers, like Defendants, to pay all

wages due on regular paydays designated in advance, and to pay all wages within seven days from the close of the pay period in which the wages were earned. Del. Code Ann. tit. 19, § 1102. Second, the DWPCA further, and separately, prohibits an employer from withholding or diverting any portion of an employee's wages without legal authorization or a signed employee authorization for a lawful purpose. Del. Code Ann. tit. 19, § 1107. By virtue of the time rounding and time manipulation policies and actions previously described, Defendants have violated these two separate statutory mandates, to the detriment in the form of unpaid wages that were earned by Plaintiff and the State Law Class, and Plaintiffs are entitled to recover the relief sought herein under each.

72. The wages Defendants owe to Plaintiff and the State Law Class continue to remain unpaid and withheld.

73. As set forth above, Defendants did not have reasonable grounds for dispute for not paying Plaintiff and the State Law Class the wages earned and owed.

74. Accordingly, Plaintiff and the State Law Class are entitled to recover their unpaid and withheld wages, plus liquidated damages equal to the lesser of: (a) ten percent of the unpaid wages for each day the failure continued after payment is required, or (b) an amount equal to the total unpaid wages pursuant to Del. Code Ann. tit. 19, § 1113, as well as the costs of the action, the necessary costs of prosecution, and reasonable attorney's fees pursuant to Del. Code Ann. tit. 19, § 1113.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and other members of the FLSA Collective and State Law Class, as applicable, prays that this Honorable Court:

A. Promptly order Defendants to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, timekeeping, time rounding, time editing, and other relevant records, necessary to determine similarly situated individuals;

B. Promptly order Defendants to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C. Conditionally certify the putative FLSA Collective and provide Court-approved notice to similarly-situated persons informing them of this action and their ability to opt-in and become part of the FLSA Collective and enabling them to opt in;

D. Toll the statute of limitations for all members of the FLSA Collective, from the date that this matter was initially filed until the date on which they file consents to join;

E. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class;

F. Enter judgment against Defendants, and in favor of Plaintiff, the FLSA Collective, and the members of the State Law Class, declaring that Defendants' activities, as alleged herein, violate the FLSA and DWPCA and enjoining Defendants from continuing to violate the FLSA and DWPCA, as well as awarding the relief set forth immediately below;

G. Award compensatory damages to Plaintiff and the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages;

H. Award Plaintiff and other members of the State Law Class all damages allowed by DWPCA, including but not limited all unpaid and/or withheld wages and liquidated damages equal to the lesser of: (a) ten percent of the unpaid wages for each day the failure continued after payment is required, or (b) an amount equal to the total unpaid wages;

I. Designate Plaintiff as representative of the Fed. R. Civ. P. 23 State Law Class, and counsel of record as Class Counsel for the State Law Class;

J. Award Plaintiff, and members of the FLSA Collective and the State Law Class, prejudgment interest, post-judgment interest, costs, and attorneys' fees, expenses, and costs incurred in prosecuting this action, expert fees, as well as statutory and/or liquidated damages and an award of damages representing Defendants' employers'

share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

K. Enter such other and further relief as this Court deems equitable, just, and proper.

Date: July 4, 2026

Respectfully submitted,

By:/s/Raeann Warner
Reann Warner (#4931)
**COLLINS PRICE WARNER WOLOSHIN**
8 East 13th Street
Wilmington, DE 19801
Tel.: 302-655-4600
raeann@cpwwlaw.com

Seth R. Lesser*
Jessica Rado*
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
seth@klafterlesser.com
jessica.rado@klafterlesser.com

Michael A. Galpern*
**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road - Suite 203
Voorhees, NJ 08043
Telephone: (856) 596-4100
mgalpern@lawjw.com

Ryan A. Winters *
Kevin M. McDermott II *
**SCOTT & WINTERS LAW FIRM, LLC**
11925 Pearl Rd., Suite 308
Strongsville, Ohio 44136
Telephone: (216) 912-2221
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*ATTORNEYS FOR PLAINTIFF, FLSA COLLECTIVE ACTION PLAINTIFFS, AND PROPOSED RULE 23 CLASS COUNSEL*

* ADMISSION MOTION OR *PRO HAC VICE* TO BE FILED